**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CELIFLORA GONZALEZ MERINO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JASON BENZEL, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-10931 (SDW)**<br><br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") by Petitioner Celiflora Gonzalez Merino, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility in Newark, New Jersey. ("Elizabeth Facility"). (ECF No. 1).

2. Petitioner is a citizen of Mexico who has lived in the United States since 1994. (*Id.* ¶¶ 11, 17).

3. She had an "advanced-parole document facially valid through April 25, 2029." (*Id.* ¶ 20). She previously traveled to Mexico with this document in May 2024 and February 2026. (*Id.*)

4. Petitioner's Application to Adjust Register Permanent Residence or Adjust Status ("Form I-485") was denied by U.S. Citizenship and Immigration Services ("USCIS") on July 29, 2026. (*Id.* ¶ 21).

5. Petitioner traveled to Mexico and stopped by immigration authorities at Newark Airport upon her return on August 13, 2026. (*Id.* ¶ 22). She presented her advanced parole

document for inspection, but the immigration authorities determined Petitioner was inadmissible due to the denial of her Form I-485. (*Id.*)

6. On August 14, 2026, Petitioner filed her first § 2241 petition challenging her detention and alleging that her removal to Mexico was imminent. *Gonzalez Merino v. Benzel*, No. 26-cv-10324 (D.N.J. filed Aug. 14, 2026) ("First Petition").[1]

7. Respondents filed an answer on August 17, 2026 arguing that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(1) because she was subject to an expedited order of removal. (First Petition, ECF No. 8 at 1; ECF No. 8-3 at 2).

8. This Court denied the First Petition on August 21, 2026 after concluding that it lacked jurisdiction. (First Petition, ECF No. 10 at 3-4).

9. Petitioner filed her Second Petition four days later. (ECF No. 1). Petitioner argues that USCIS violated the Administrative Procedure Act and her due process rights when it "unreasonably delayed" resolution of her I-290B request seeking reconsideration of the denial of her Form I-485. (*Id.* ¶¶ 27-36). She also asks for an order staying her removal until USCIS resolves her I-290B request, (*Id.* ¶ 37), as well as an order directing "USCIS … to decide [Petitioner's] 1-290B within a reasonable time … ." (*Id.* at 9).

10. Petitioner stated she "does not ask this Court to decide the ultimate validity of the expedited-removal order … ." (*Id.* ¶ 38).

11. In response to an order from District Judge Jamel K. Semper,[2] Petitioner filed a letter asking for an order requiring "Respondents to substantiate finality with competent,

[1] This Court takes judicial notice of the proceedings in the First Petition.

[2] This matter was reassigned to this Court on September 4, 2026. (ECF No. 8).

contemporaneous agency records before relying on the I-860 as a final expedited-removal order … ." (ECF No. 3 at 1).

12. This Court held on August 21, 2026 that it lacked jurisdiction to consider Petitioner's challenges to her detention because "'[n]ow that there is an administratively final removal order, Petitioner's detention claims are not wholly collateral to the removal process; they are inextricably linked to it.'" (First Petition, ECF No. 10 ¶ 15 (quoting *Sangare v. Soto*, No. 26-cv-0758, 2026 WL 575374, at *1 (D.N.J. Mar. 2, 2026)). Petitioner did not seek reconsideration of that order.

13. The Second Petition emphasized that it was not an attack on the "ultimate validity of the expedited-removal order" and did "not challenge the prior order entered" during the First Petition proceedings. (ECF No. 1 ¶ 38; *see also id.* at 1-2 ("[Petitioner] does not request an order … vacating the asserted expedited-removal order.")). Yet Petitioner's subsequent filings assert that the expedited removal order is not, in fact, a final order of removal because Respondents have not established the process of seeking supervisory review. (*See generally* ECF Nos. 3, 7, 9; ECF No. 11 at 2 ("The expedited order of removal as submitted by the Government, does not constitute a final order.")).[3]

14. Petitioner's arguments should have been filed in the First Proceedings; they do not belong in proceedings concerning the adjudication of Petitioner's I-290B request. Ultimately, this Court need not address this issue because this Court would not have jurisdiction over the Second Petition even if Petitioner was not subject to a final removal order.

[3] Petitioner filed a motion for an order to show cause asking this Court to order the production of certain documents, (ECF No. 11), which this Court will deny because Petitioner is otherwise not entitled to habeas relief.

15. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

16. This Court has no authority pursuant to § 2241 to compel USCIS to decide the I-290B request because the I-290B request does not concern the fact or duration of Petitioner's detention. A petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 must be filed in a separate action.

17. This Court also lacks jurisdiction to stay Petitioner's removal. 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter.")

18. This Court will dismiss the Second Petition for lack of jurisdiction. The motion for an order to show cause will be denied.

19. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 16, 2026